# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SANTOS,<br><br>                        Plaintiff,<br>  vs.<br><br>DAVID G. SMITH, DAVE KHATRI and SUNIL WALIA,<br><br>                       Defendants. | CASE NO. 07CV0001-LAB (RBB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>[Docket no. 10] |

Plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights. Plaintiff suffered a leg injury before being incarcerated and continues to suffer leg and back problems. Defendant Smith is a physician who treated him. The complaint was filed *nunc pro tunc* to December 22, 2006.

Defendant Smith moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss all claims against him. Pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.1(d), this matter was referred to Magistrate Judge Ruben Brooks. On December 21, 2007, Judge Brooks issued his report and recommendation (the "R&R") recommending dismissing all claims against Defendant Smith. The R&R required the parties, if they wished to objections, to serve and file their objections no later than January 31, 2008. (R&R at 18:4–5.) The R&R also informed them that failure to object within the time permitted might waive their appellate rights. (*Id.* at 18:6–8.) Plaintiff filed his objections, to which Defendant Smith filed a reply.

1  A district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. §636(b)(1). A party objecting to the recommended disposition of the matter may "serve and file specific objections to the proposed findings and recommendations," and "a party may respond to another party's objections." Rule 72(b). "[T]he court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1).

Plaintiff's objections are essentially a brief restatement of his allegations. The complaint, and exhibits submitted with it, show Defendant Smith listened to Plaintiff's complaints and provided Plaintiff with treatments, albeit not the treatments Plaintiff believed he needed. Mere disagreement over which of two medically acceptable courses of treatments should be followed cannot give rise to a claim for deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). For the most part, Plaintiff has failed to allege that the course Defendant Smith followed was medically unacceptable.

In at least one case, Plaintiff has alleged Defendant Smith acted in a manner that could be considered medically unacceptable. Following surgery for removal of a plate and screws from Plaintiff's leg, Defendant Smith saw Plaintiff for a follow-up examination. (Compl. at 40.) He then ordered a second follow-up examination the following month. (*Id.*) Plaintiff was eventually seen eleven months later, at which time he complained of back problems. (*Id.* at 17.) Plaintiff also identifies delays in receiving treatment Defendant Smith had ordered.

In all cases, Plaintiff fails to allege facts to show Defendant Smith was deliberately indifferent to his serious medical needs. There is no allegation Defendant Smith intentionally delayed treatment, or that he deliberately caused Plaintiff any harm. Some of the allegations might support a finding of negligence; but mere negligence, even gross negligence, does not

suffice to state a claim under § 1983 for deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835, 839 (1994).

Plaintiff objects to two general points not addressed by the R&R. First, he says he brought his back pain to Defendant Smith's attention in 2000 but instead of evaluating his back pain, Dr. Smith simply prescribed back exercises. (Obj. to R&R at 3:21–24.) He does not reference any allegations in the complaint, but cites to an exhibit which appears to be an informational booklet explaining to patients how to prevent a recurrence of back pain. Whatever this allegation relates to, it falls well outside the period of in which he alleges Smith treated him. (*See* Compl. at ¶ B(1) (alleging the events giving rise to his claims occurred in 2005).)

Second, Plaintiff mentions actions by Defendants Khatri and Walia. (Obj. to R&R at 2:23–26, 3:13–17.) These Defendants have not moved for dismissal, and it is unclear how Plaintiff's allegations concerning their actions relate to his claims against Defendant Smith.

The court has conducted a de novo review of those portions of the R&R objected to and finds its conclusions to be correct. Plaintiff's objections are therefore **OVERRULED**. The only portion of the R&R the Court finds to be in need of modification is the standard for motions to dismiss. The R&R cites *Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980) for the "no set of facts" standard. This was originally handed down in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), but this standard was recently abandoned in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). The R&R is therefore modified to incorporate the *Bell Atlantic* standard. This modification does not alter the R&R's analysis, however. The R&R is **ADOPTED AS MODIFIED**.

"Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir.2000) (en banc). Plaintiff has not yet had an opportunity to amend his complaint to correct the deficiencies.

/ / /

For reasons explained in the R&R, Plaintiff's claims against Defendant Smith are **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to file an amended complaint remedying these deficiencies, he may do so no later than **30 calendar days from the date this order is issued**. Plaintiff is cautioned that his amended complaint must be complete in itself, without reference to the original complaint. If he chooses to file an amended complaint, he is directed to review Civil Local Rule 15.1 and to comply with its requirements. Any claims omitted from the amended complaint will be deemed abandoned.

Plaintiff is advised that if he fails to correct the deficiencies the R&R identifies in his claims against Defendant Smith within the time permitted, his claims against Smith will be dismissed with prejudice.

**IT IS SO ORDERED**.

DATED: March 17, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge